IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK DAVIS, M.D.                *
                                *
v.                              *    Civil No. JFM-07-388
                                *
HARRY C. KNIPP, M.D., ET AL.    *
                             *****

MEMORANDUM

Plaintiff has brought this *pro se* action against the Maryland State Board of Physicians, the Executive Director of the Board, and present and former members of the Board ("the State defendants"), and Delmarva Foundation for Medical Care, Inc., and Adele Wilzack, the Chair of Delmarva Foundation ("the Delmarva defendants"). The State defendants have filed a motion to dismiss or for summary judgment to which the plaintiff has responded by filing a "Motion Against Defendants' Motion To Dismiss, Or In The Alternative For Summary Judgment." The Delmarva defendants have filed a motion for more definite statement to which plaintiff has responded by filing a "Motion To Defendant Wilzack's Motion For More Definite Statement."[1] The State defendants' motion will be treated as one to dismiss and, as such, will be granted. Further, construing plaintiff's response to the Delmarva defendants' motion for more definite statement as plaintiff's more definite statement, the court will *sua sponte* dismiss the claims against the Delmarva defendants on the ground that plaintiff's particularized allegations fail to state a claim upon which relief can be granted.

---

[1] None of the defendants have filed a reply memorandum in support of their motions. Because the Delmarva defendants did not file any response to the papers he filed, plaintiff has now filed for a motion for default judgment against the Delmarva defendants. The motion is denied. Obviously, the Delmarva defendants construed plaintiff's "Motion To Defendant Wilzack's Motion For More Definite Statement" as an opposition to their own motion for a more definite statement and, quite properly, did not perceive a need to file an opposition to it.

The reasons for my decision can be briefly stated.

First, plaintiff's claims arise out of a peer review process in which defendants are engaged, and the law is clear that to the extent that plaintiff is seeking monetary damages against defendants, all of them are entitled to absolute immunity in connection with their peer review activities. *See Ostrzenski v. Seigel*, 177 F.3d 245, 247-48 (4th Cir. 1999).[2]

Second, to the extent that plaintiff is seeking injunctive relief in connection with the peer review process (which is ongoing), it is appropriate for this court to abstain under the *Younger v. Harris* doctrine. *Crawford v. Paris*, 897 F. Supp. 928, 931 (D. Md. 1995).

A separate order reflecting the rulings made in this memorandum is being entered herewith.

Date: May 1, 2007

J. Frederick Motz
United States District Judge

---

[2] The law is also clear that as a state agency, the Board is entitled to Eleventh Amendment immunity. I need not reach the question whether the individual defendants likewise are entitled to Eleventh Amendment immunity.

2